COMMONWEALTH *vs.* JOSEPH A. LEE. November 21, 2013. *Motor Vehicle,* Operation, License to operate, Operating under the influence. *Registrar of Motor Vehicles,* Records, Revocation of license to operate. *Due Process of Law,* Suspension of driver's license.

Following a jury-waived trial, the defendant was convicted of operating a motor vehicle after his license had been suspended for operating while under the influence of alcohol (OUI) pursuant to G. L. c. 90, § 23, third par. The trial judge sentenced him to sixty days in a house of correction and stayed the sentence pending his direct appeal. His appeal then proceeded in the Appeals Court, where he raised two issues: (1) the admission of certain documents from the registry of motor vehicles (registry) without live testimony from a registry employee violated his right under the Sixth Amendment to the United States Constitution to confront witnesses against him; and (2) the Commonwealth failed to prove that he had violated G. L. c. 90, § 23, third par., which governs operating a motor vehicle after suspension of a license on the basis of an OUI, and the judge therefore erred in imposing a sixty-day sentence. Instead, in the defendant's view, the judge should have sentenced him pursuant to G. L. c. 90, § 23, first par., which governs operating a motor vehicle after suspension of a license (where the suspension is not based on an OUI) and which provides for a lesser sentence.[1] The Appeals Court affirmed the conviction. See *Commonwealth* v. *Lee,* 83 Mass. App. Ct. 1109 (2013). The case is now before this court on further appellate review.

*Background.* The defendant's license was suspended in June, 2009, for a period of two years following two OUI offenses — an OUI offense that occurred in Massachusetts in 2007, and an OUI offense that occurred in New Hampshire in 2008. In September, 2009, the defendant was operating a motor vehicle in Chelmsford and was stopped by a State police officer. He was

---

[1]The defendant refers to G. L. c. 90, § 23, first par., and G. L. c. 90, § 23, *second par.,* as does some of the older, relevant case law. In the current version of the statute, however, the applicable paragraphs are the first and *third.* The first paragraph provides in relevant part:

> "Any person convicted of operating a motor vehicle after his license to operate has been suspended or revoked, or after notice of the suspension or revocation of his right to operate a motor vehicle without a license has been issued by the registrar [of motor vehicles (registrar)] and received by such person, . . . [shall] be punished for a first offence by a fine of not less than five hundred nor more than one thousand dollars or by imprisonment for not more than ten days, or both . . . ."

The third paragraph provides in relevant part:

> "Any person convicted of operating a motor vehicle after his license to operate has been suspended or revoked pursuant to a violation of paragraph (*a*) of subdivision (1) of section twenty-four, or pursuant to section twenty-four D, twenty-four E, twenty-four G, twenty-four L, or twenty-four N of this chapter, or pursuant to subsection (*a*) of section eight, or pursuant to a violation of section eight A or section eight B of chapter ninety B, or pursuant to a violation of section 8, 9 or 11 of chapter ninety F, or after notice of such suspension or revocation of his right to operate a motor vehicle without a license has been issued and received by such person . . . shall be punished by a fine of not less than one thousand nor more than ten thousand dollars and by imprisonment in a house of correction for not less than sixty days and not more than two and one-half years . . . ."

thereafter charged in a complaint with violating G. L. c. 90, § 23. More specifically, the complaint stated that the defendant had operated a motor vehicle after his license had been suspended "pursuant to a violation of G. L. c. 90, §§ 24(1)(a), 24D, 24E, 24G, 24L or 24N, or of G. L. c. 90B, §§ 8(a), first par., 8A or 8B," in violation of G. L. c. 90, § 23, and that the penalty for such violation is "house of correction not less than 60 days, not more than 2½ years; and not less than $1,000, not more than $10,000." In other words, he was charged with violating G. L. c. 90, § 23, third par.

At trial, the Commonwealth sought to introduce records from the registry and from the New Hampshire division of motor vehicles to demonstrate that at the time of the defendant's arrest he was operating a motor vehicle with a suspended license and that he had received notice of the license suspension. The defendant's counsel objected, stating, "I'm gonna object as to right to confrontation pursuant to *Melendez-Diaz* [v. *Massachusetts*, 557 U.S. 305 (2009) (*Melendez-Diaz*)], for the record." The judge overruled the defendant's objection. At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty on the basis that his license had not been suspended pursuant to one of the OUI statutes enumerated in G. L. c. 90, § 23, third par. The judge denied the motion as well as a subsequent motion for reconsideration, and sentenced the defendant to sixty days in a house of correction.

*Discussion.* The defendant raises the same two issues in this court that he did in the Appeals Court, and we address them in turn.

1. *Admission of registry documents.* The defendant argues that the admission of documents from the registry and from its New Hampshire counterpart without live testimony from employees from the respective agencies violated his right to confrontation pursuant to *Melendez-Diaz*. More specifically, he argues that, in light of this court's decision in *Commonwealth v. Parenteau*, 460 Mass. 1 (2011), which was decided after the defendant's trial, the judge erred in admitting so much of the Massachusetts registry documents as attest to having mailed to the defendant notice of his license suspension.

In *Parenteau*, we held that a registry certificate attesting to the mailing of a notice of license suspension, which was created for purposes of trial and therefore not in the ordinary course of registry business, was "testimonial" for Sixth Amendment confrontation purposes and, as such, was inadmissible without testimony from a witness on behalf of the registry. See *id.* at 2, 5. To the extent that the Massachusetts registry documents in this case included such an attestation of notice, and where there was no testimony from any witness from the registry, those portions of the documents were inadmissible.

The Commonwealth recognizes the Sixth Amendment issue associated with the attestation of notice but argues that the defendant's objection at trial — "I'm gonna object as to right to confrontation pursuant to *Melendez-Diaz*, for the record" — was vague and unspecific because he did not expressly mention the notice issue, and was therefore insufficient. It is true that the defendant did not specifically object to the admission of the registry documents for the purpose of proving that he received notice of his license suspension, but his objection was not as general as the Commonwealth suggests. He stated specifically that he objected pursuant to his right of confrontation under *Melendez-Diaz*, a right that includes, specifically, confronting a registry witness about the attestation of notice.

Additionally, to the extent the Commonwealth argues that the defendant conceded that he received notice, we disagree. Defense counsel's opening statement that he believed that the Commonwealth would "be able to prove operating after suspension" and his statement during trial that he was "not disputing that [the defendant] was operating after suspension" were not a concession of the element of notice. Rather, they referred to the fact of suspension, an entirely different element of the Commonwealth's proof. See *Commonwealth* v. *Deramo*, 436 Mass. 40, 50-52 (2002) (delineating elements of G. L. c. 90, § 23, third par.).

Finally, where the defendant properly objected to the admission of the registry documents without live testimony and where the admission of those documents, to the extent that they address the attestation of notice, was erroneous, we consider whether the error was harmless beyond a reasonable doubt. See, e.g., *Parenteau*, 460 Mass. at 10-11, and cases cited. We conclude that it was not. With the exception of those documents, the Commonwealth offered no other evidence that the defendant had received notice of his license suspension. The defendant, therefore, is entitled to a new trial.[2]

2. *Motion for required finding of not guilty.* We consider the second issue that the defendant raises on appeal, regarding his motion for a required finding of not guilty and his sentence pursuant to G. L. c. 90, § 23, as that issue is likely to arise again at any retrial.

In the trial court, the defendant filed a motion for a required finding of not guilty on the basis that the Commonwealth had failed to prove that he had violated G. L. c. 90, § 23, third par., because his license suspension was not based on one of the statutes enumerated therein. The Commonwealth, in other words, in the defendant's view, could not prove one of the elements of the crime:

> "To prove the crime of operating a motor vehicle after revocation or suspension of license for operating while under the influence of alcohol, G. L. c. 90, § 23, [third] par., the Commonwealth must prove the following: (1) that the defendant operated a motor vehicle; (2) that at the time of that operation the defendant's license was revoked or suspended; (3) that the license suspension or revocation was pursuant to a violation of one of the specified statutory sections (including operating a motor vehicle while under the influence of alcohol in violation of G. L. c. 90, § 24 [1] [*a*]); and (4) that the defendant was notified that his license had been suspended or revoked."

*Deramo*, 436 Mass. at 50. The defendant continues to press the argument on appeal, although he now appears to be arguing not that he should, necessarily, be found not guilty, but that if he is found to have been operating without a license, he should be sentenced pursuant to G. L. c. 90, § 23, first par., rather than G. L. c. 90, § 23, third par.

---

[2]We need not resolve whether the documents from either the registry of motor vehicles or the New Hampshire division of motor vehicles also contain other information, in addition to the attestation of notice, that is testimonial for confrontation clause purposes. See *Commonwealth* v. *Parenteau*, 460 Mass. 1, 10 & n.10 (2011). On remand it will be incumbent on the trial judge to "examine each individual 'record' at issue to determine whether it is testimonial and therefore subject to confrontation." *Id.* at n.10.

We agree with the defendant that the Commonwealth failed to prove that he violated G. L. c. 90, § 23, third par. That paragraph clearly requires that the license suspension be based on certain enumerated Massachusetts OUI offenses. The defendant's suspension, however, was based not on one of the enumerated Massachusetts OUI offenses but on his New Hampshire OUI offense. The *length* of the suspension — i.e., two years — was based on both the New Hampshire and the Massachusetts OUI convictions, but according to the record, the actual *basis* for the suspension was the New Hampshire OUI.

Pursuant to G. L. c. 90, § 22 (*c*), where "a resident of the commonwealth . . . has been convicted in another state . . . of a motor vehicle violation, the registrar [of motor vehicles (registrar)] shall give the same effect to said conviction for the purpose of suspension, revocation, limitation or reinstatement of the right to operate a motor vehicle, as if said violation had occurred in the commonwealth." Section 22 (*c*), in other words, requires the registrar to account for all OUI convictions, whether in-State or out-of-State, and to treat them the same. As the defendant suggests, however, this statute concerns the administrative loss of the right to operate a motor vehicle in the Commonwealth. It does not concern criminal liability under G. L. c. 90, § 23, or the penalties associated with operating a motor vehicle after the loss of the right to do so.

Additionally, nothing in G. L. c. 90, § 23, third par., suggests that the Legislature meant for it to apply to "like violations" from other jurisdictions, which is the only way that it could apply here.[3] When a provision of the General Laws is meant to apply to "like violations" from other jurisdictions, the provision typically so states. See, e.g., G. L. c. 90, § 24 (1) (*a*) (1) (referring to "like violations" from other jurisdictions); G. L. c. 90, § 24D (same). General Laws c. 90, § 23, third par., contains no such language.

Finally, even if we thought that the language of G. L. c. 90, § 23, third par., could support an interpretation that it applies to out-of-State convictions, the rule of lenity requires us to resolve any ambiguity in the defendant's favor. See, e.g., *Commonwealth* v. *Williamson*, 462 Mass. 676, 679 (2012), citing *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652 (1992). As we have noted, several of the other sections of G. L. c. 90 addressing OUI offenses specifically consider the issue of out-of-State convictions. Section 23, third par., however, is different from those provisions in that it lacks any such language. That difference, and the question whether G. L. c. 90, § 23, third par., applies to out-of-State convictions, are matters for the Legislature.

---

[3]We do not agree with the Commonwealth's argument that the registrar suspended the defendant's license on the basis of both his Massachusetts and his New Hampshire OUI convictions. That argument seems to be that because the registrar could only have suspended the defendant's license for two years on the basis of both convictions, both convictions were therefore the reason for the suspension. The *length* of the suspension — i.e., two years — is certainly based on the defendant having committed two offenses. See G. L. c. 90, § 24 (1) (*c*) (2) (two-year minimum suspension for certain subsequent offenses). This is a separate matter, however, from whether both convictions were the *reason* for the suspension. According to the record, the registrar suspended the defendant's license on the basis of the New Hampshire OUI, and that conviction therefore is the only conviction that is relevant for the purposes of determining whether the defendant violated G. L. c. 90, § 23, third par.

*Conclusion.* The defendant's conviction is reversed, the verdict is set aside, and the case remanded for further proceedings consistent with this opinion.

*So ordered.*

*Kimberly Wittenberg Lurie* for the defendant.

*Daniel J. Harren,* Assistant District Attorney, for the Commonwealth.