NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

23-P-227                                        Appeals Court

RICHARD L. DESAUTELS  vs.  BOARD OF APPEAL ON MOTOR VEHICLE
          LIABILITY POLICIES AND BONDS & another.[1]


No. 23-P-227.

Suffolk.     January 4, 2024. – July 12, 2024.

Present:  Rubin, Ditkoff, & Grant, JJ.


Alcoholic Liquors, Motor vehicle.  Board of Appeal on Motor
     Vehicle Liability Policies and Bonds.  Motor Vehicle, Board
     of Appeal on Motor Vehicle Liability Policies and Bonds,
     License to operate, Operating under the influence.
     Registrar of Motor Vehicles, Revocation of license to
     operate.  Practice, Civil, Judgment on the pleadings.
     Notice.


     Civil action commenced in the Superior Court Department on
April 2, 2021.

     The case was heard by Jackie Cowin, J., on motions for
judgment on the pleadings.


     Patty DeJuneas for the plaintiff.
     Jennifer E. Greaney, Assistant Attorney General, for the
defendants.

---

[1] Registry of motor vehicles.

RUBIN, J.  The question before us is whether there was substantial evidence in the record before the registry of motor vehicles (registry) that disposition of a Vermont driving while under the influence (DUI) charge, see Vt. Stat. Ann. tit. 23, § 1201(a) (2014), by way of Vermont's "deferred sentence" statute, see Vt. Stat. Ann. tit. 13, § 7041 (2014), is a "conviction" within the meaning of the first paragraph of G. L. c. 90, § 22 (c).[2]  If so, the disposition of the plaintiff's 2014 Vermont DUI charge by way of deferred sentencing under the Vermont statute was his sixth conviction for operating a vehicle while under the influence of alcohol, such that the lifetime revocation of the plaintiff's driver's license is required under G. L. c. 90, § 24 (1) (c) (3 3/4).[3]

The Registrar of Motor Vehicles (registrar) determined that the plaintiff's 2014 Vermont DUI required lifetime revocation of his license, and the registrar ordered it revoked.  The

---

[2] Although these Vermont statutes have been amended since the time of the plaintiff's arrest in 2014, the relevant portions of the statutes have not substantively changed.  See Vt. Stat. Ann. tit. 23, § 1201(a) (Supp. 2022), and Vt. Stat. Ann. tit. 13, § 7041 (Supp. 2022).

[3] Unlike the Massachusetts procedure under G. L. c. 90, § 24D, under which certain first offense charges of operating while under the influence may be continued without a finding, and the defendant placed on probation with conditions for alcohol education and, if necessary, alcohol treatment and rehabilitation, with the possibility of ultimate dismissal of the charge, the Vermont deferred sentence procedure is not limited to first offenses.

plaintiff appealed the registrar's decision to the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board), which affirmed it. The plaintiff then filed a complaint for judicial review of the board's decision in the Superior Court. See G. L. c. 40A, § 14. On cross motions for judgment on the pleadings, a Superior Court judge denied the plaintiff's motion and allowed the board's motion, and judgment entered dismissing the plaintiff's complaint. The plaintiff has filed this appeal challenging the judgment of the Superior Court. We affirm.

Background. The plaintiff, Richard L. Desautels, is a Massachusetts resident and has been a licensed driver in Massachusetts since 1992. In the 1970s, he was convicted of DUI four times in Vermont. In 1998, he was charged with operating a motor vehicle while under the influence of intoxicating liquor (OUI) in Massachusetts, which resulted in a disposition of a "continuance without a finding" as provided for by G. L. c. 90, § 24D, in cases of a first conviction of OUI. (Under this statute, if the defendant complies with conditions of probation, the case is dismissed. See G. L. c. 90, § 24 [1] [a] [1], twelfth par.)

On October 17, 2014, in Vermont, the plaintiff was charged with the Vermont crime of grossly negligent operation, see Vt.

Stat. Ann. tit. 23, § 1091(b) (2014),[4] and, once again, with the Vermont crime of DUI.

On March 2, 2015, under a plea agreement, the plaintiff pleaded guilty to grossly negligent operation, but the DUI charge was disposed of under Vermont's deferred sentence statute.  Vt. Stat. Ann. tit. 13, § 7041.  As relevant here, § 7041(a) provides that

> "[u]pon an adjudication of guilt and after the filing of a presentence investigation report, the court may defer sentencing and place the respondent on probation upon such terms and conditions as it may require if a written agreement concerning the deferring of sentence is entered into between the State's Attorney and the respondent and filed with the clerk of the court."

The plaintiff's Vermont charges, and the dispositions thereof, were not immediately reported to the registry, as they are apparently supposed to be under the interstate compact on motor vehicle violations (interstate compact), to which Massachusetts and Vermont are both parties, see G. L. c. 90, § 30B; Vt. Stat. Ann. tit. 23, §§ 3901 et seq., because the plaintiff is licensed to drive in Massachusetts.  The registry is required to maintain a record of convictions of motor vehicle

---

[4] This offense is referred to variously throughout the record as "reckless driving," "grossly negligent operation," "GN," and "GNO."  There does not appear to be a "reckless driving" offense in Vermont, so it appears that the offense with which the plaintiff was charged was "grossly negligent operation."  See Vt. Stat. Ann. tit. 23, § 1091(b).

violations in a licensee's Massachusetts driving history.  G. L. c. 90, § 30, first par.

The Vermont DUI convictions from the 1970s did not post to the plaintiff's Massachusetts driving history with the registry until 2020.  The 2014 grossly negligent operation conviction was reported to the registry by the Vermont Department of Motor Vehicles (DMV) and was posted to the plaintiff's registry driving history in 2020, at which point the registry suspended the plaintiff's Massachusetts driver's license for sixty days under G. L. c. 90, § 22 (c), which requires such suspension when a person is convicted of certain out-of-State motor vehicle violations.

However, the registry did not receive any information from the Vermont DMV regarding the 2014 DUI charge and disposition. The registry became aware of the 2014 DUI when the plaintiff attempted to reinstate his driver's license after the sixty-day suspension for his Vermont grossly negligent operation conviction and provided documents (including a notice of plea agreement and an expungement order) reflecting the DUI charge and the deferred sentence.

After receiving these documents, the registrar concluded that, in light of his prior DUI and OUI convictions, the 2014 Vermont DUI required a lifetime revocation of the plaintiff's driver's license under G. L. c. 90, § 24 (1) (c) (3 3/4).

Discussion. General Laws c. 90, § 24 (1) (c) (3 3/4), provides that a lifetime revocation must be imposed by the registry when one is convicted of operating a motor vehicle while under the influence pursuant to G. L. c. 90, § 24 (1) (a) (1), if the person convicted

"has been previously convicted of or assigned to an alcohol or controlled substance education, treatment or rehabilitation program by a court of the commonwealth or any other jurisdiction because of a like violation four or more times preceding the date of the commission of the offense for which such person has been convicted . . . ." [5,6]

---

[5] Section 24 (1) (c) (3 3/4) states that it applies when one's license is revoked under G. L. c. 90, § 24 (1) (b). That provision in turn requires revocation of one's license following a conviction under § 24 (1) (a) (1), which is the section criminalizing OUI. To the extent the parties argue that revocation can be triggered by assignment "to an alcohol or controlled substance education, treatment or rehabilitation program by a court of the commonwealth or any other jurisdiction because of a like violation," they are mistaken. That language applies to the prior predicate offenses, not to the offense that triggers the revocation. G. L. c. 90, § 24 (1) (c).

[6] In fact, it is undisputed that the plaintiff "has been previously convicted of or assigned to an alcohol or controlled substance education, treatment or rehabilitation program by a court," five times prior to the 2014 Vermont DUI. According to the board, his fifth conviction, which occurred in 1998, did not result in a lifetime license revocation because, prior to 2002, the four previous convictions had to occur within a period of ten years of the most recent violation in order to result in a lifetime revocation, see G. L. c. 90, § 24 (1), as appearing in St. 1994, c. 25, § 3, and the plaintiff's previous DUI convictions had all taken place in the 1970s. The current version of the law requires a lifetime license revocation if there have been four previous convictions or program assignments at any point, with no time limitation. G. L. c. 90, § 24 (1) (c) (3 3/4), as amended by St. 2002, c. 302, § 1. Neither party raises any issue with respect to this reasoning.

As to out-of-State convictions, the first paragraph of G. L. c. 90, § 22 (c), provides:

> "If the registrar receives official notice, in any form which the registrar deems appropriate, including electronic transmissions, that a resident of the commonwealth or any person licensed to operate a motor vehicle under the provisions of this chapter has been convicted in another state, country or jurisdiction of a motor vehicle violation, the registrar shall give the same effect to said conviction for the purposes of suspension, revocation, limitation or reinstatement of the right to operate a motor vehicle, as if said violation had occurred in the commonwealth."

As the Supreme Judicial Court said in Commonwealth v. Lee, 466 Mass. 1028, 1031 (2013), § 22 (c) "requires the registrar to account for all OUI convictions, whether in-State or out-of-State, and to treat them the same."[7]

---

[7] Both parties agree that treating the 2014 Vermont DUI "as if said violation had occurred in the commonwealth," G. L. c. 90, § 22 (c), would be to treat it as an OUI. We note that neither the text of the statute, nor the cases construing it, have articulated a general test for when an out-of-State conviction for violations of criminal laws that may differ in some way from similar Massachusetts criminal laws must be treated under § 22 (c) as though they were a violation of a Massachusetts criminal statute. Although the parties variously propose that the laws must be "substantially similar," or a "like offense," those terms derive from other statutes. See G. L. c. 90, § 30B (III) (c) (discussing "offenses or violations of a substantially similar nature"); G. L. c. 90, § 24 (providing different penalties depending on how many prior convictions or program assignments defendant had for "like offense[s]"). In any event, given Lee and the fact that the plaintiff does not argue that a conviction under the Vermont DUI statute should not be treated under § 22 (c) as a conviction under the Massachusetts OUI statute, we need not decide the issue.

The question before us is whether there was substantial evidence before the registry that the plaintiff "has been convicted," G. L. c. 90, § 22 (c), of the 2014 Vermont DUI charge where it was disposed of under Vermont's deferred sentencing regime, Vt. Stat. Ann. tit. 13, § 7041.  See G. L. c. 30A, § 14 (7) (e) (providing that court may review agency adjudication to determine if it was "[u]nsupported by substantial evidence").  See also Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass. App. Ct. 470, 474 (1989) (stating that board's decision must "be supported by 'substantial evidence' as set out in G. L. c. 30A, § 14 [7] [e]").  We review the legal question of what amounts to a "conviction" under G. L. c. 90, § 22 (c), de novo.  We agree with the parties that the word "conviction" includes at least an adjudication of guilt of a criminal offense by a court of competent jurisdiction of one of the United States, which is all we need decide about it for purposes of this case.  The Legislature has defined "conviction" for OUI purposes as including a person who "pleaded guilty or nolo contendere or was found or adjudged guilty" since 1936, see G. L. c. 90, § 24 (d), as appearing in St. 1936, c. 434, § 1, and surely understood the term the same way in 1962 when it first added the language that

eventually became G. L. c. 90, § 22 (c), in 1962.  See St. 1962, c. 261.[8]

1.  Official notice.  Before turning to the substantial evidence question, we note that the plaintiff argued for the first time at oral argument that the registrar did not "receive official notice" of the disposition of the Vermont DUI charge, see G. L. c. 90, § 22 (c), and that, therefore, the registry may not revoke the plaintiff's license on the basis of the disposition of that charge even if it is a "conviction" within the meaning of § 22 (c).

Because this claim was raised only at argument and not in the plaintiff's brief, it is waived.  See Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 50 n.7 (1998); Mass. R. A. P. 16 (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief").  In any event, were we to reach its merits it would be of no avail to the plaintiff.

---

[8] The board's argument that the definition of conviction in G. L. c. 90, § 24 (1) (d), is applicable is not correct as that definition does not apply to G. L. c. 90, § 22.  The plaintiff argues that the applicable definition is that found in the interstate compact.  G. L. c. 90, § 30B (I) (c).  The relationship between the compact and § 22 (c) is not clear to us, nor has the issue been briefed by the parties.  In any event, we need not and do not decide whether the plaintiff's contention is correct.

It appears that no Vermont agency ever gave any notice of the DUI charge or disposition to the registry. As described above, the Massachusetts registry became aware of the conviction when the plaintiff appeared at a hearing to reinstate his driver's license after the sixty-day suspension attendant upon the Vermont grossly negligent operation conviction, which was reported by the Vermont DMV to the Massachusetts registry. At that hearing, the plaintiff provided documents relevant to the 2014 DUI, including the "Notice of Plea Agreement" and "Order to Expunge Deferred."

General Laws c. 90, § 22 (c), allows the registry to act on the basis of receipt of "official notice, in any form which the registrar deems appropriate" (emphasis added). Given the safety concerns that animate the law in question, we think the purpose behind giving the registrar this broad discretion with respect determining what amounts to official notice must have been to allow her to act in what she determined were the best interests of the drivers, bicyclists, and pedestrians of the Commonwealth. We thus think the registrar acted within her discretion in concluding that, once the registry had received copies of the official documents submitted by the plaintiff himself, it had "received official notice" of the charge and its disposition. Indeed, the Legislature could not have intended to require a registrar to ignore her actual knowledge, based on copies of

court documents provided by the plaintiff, of the disposition of a charge of driving under the influence that could trigger a mandatory license revocation, simply because of a failure of another State's bureaucracy to have itself sent those documents.

2. <u>Substantial evidence of a conviction</u>.  We turn, then, to the argument, raised by the plaintiff in his brief, that the registry lacked substantial evidence that disposition of his 2014 Vermont DUI charge by way of "deferred sentencing" amounts to a "conviction" under G. L. c. 90, § 22 (c).[9]

The DUI charge in Vermont was disposed of under Vermont's deferred sentence statute.  Vt. Stat. Ann. tit. 13, § 7041.  As an initial matter, the statute setting out the deferred sentencing procedure states that, "[u]pon an adjudication of guilt," the defendant will be provided with conditions of probation, which, if successfully completed, will result in expungement.  <u>Id</u>. at § 7041(a).  This indicates that the statutory procedure requires an adjudication of guilt, which would bring it within the meaning of the term "conviction" in G. L. c. 90, § 22 (c).

---

[9] The board's decision actually concludes in one paragraph that the disposition is a conviction, and in the next that it is "substantially similar" to the continuance without a finding disposition authorized in G. L. c. 90, § 24D.  As described in the text, this latter conclusion is irrelevant to the question that was actually before the registry.

Beyond the text of the Vermont statute, we have in the record before us some documents with respect to the plaintiff's own case. One is a Vermont "Notice of Plea Agreement" with respect to both the grossly negligent operation charge and the DUI. It is signed by the prosecutor and the defense attorney, but not by a judge. Under the grossly negligent operation charge, in addition to describing a fine, the word "guilty" is circled where the only options are "guilty" or "nolo contendere." Under the driving under the influence charge, the sentence is described as "deferred," and neither "guilty" nor "nolo contendere" is circled.

Another document is a Vermont "Deferred Sentence Probation Order" dated March 2, 2015, the date on which both charges were disposed of, which is signed by a judge, and which begins: "To the Commissioner of Corrections: The above named defendant was convicted and sentenced as follows . . . ."

Finally, there is also an order of expungement which states that "[p]ursuant to 13 V.S.A. § 7041(e) and based on the Respondent's successful completion of the terms of probation and of the deferred sentence agreement including full payment of restitution, the adjudication of guilt in the above named case(s) is hereby stricken and the respondent is hereby DISCHARGED."

Even if there is some doubt about the matter, we think the references to an adjudication of guilt in the Vermont statute and to "conviction" and "the adjudication of guilt" in court orders from the plaintiff's case suffice to provide substantial evidence supporting the registrar's conclusion that the disposition of the plaintiff's Vermont charge was a conviction within the meaning of G. L. c. 90, § 22 (c).

The plaintiff does assert that if there was an adjudication of guilt, it was "reversed." In fact, though, as he recognizes, the expungement order does not state that the adjudication of guilt is reversed, but merely that it is "stricken."

As described above, the registrar must "give the same effect to said conviction for the purposes of suspension, revocation, limitation or reinstatement of the right to operate a motor vehicle, as if said violation had occurred in the commonwealth." G. L. c. 90, § 22 (c). And, consistent with the safety goals that underlie G. L. c. 90, a Massachusetts conviction of OUI cannot be expunged. See G. L. c. 276, § 100J (9) (excluding from eligibility for expungement "any offense in violation of [§] 24 of [c.] 90"). Thus where, as here, an out-of-State expungement of a conviction occurs solely by operation of law, and involves no question of the propriety of the conviction, § 22 (c) requires that, despite the expungement, the Massachusetts legal system treat it as a

conviction for the purposes of suspension, revocation, limitation or reinstatement of the right to operate a motor vehicle.

Consequently, the judgment is affirmed.

<u>So ordered</u>.